UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FORREST LEWIS, JR., *et al.*, § <br> § <br> Plaintiffs, § <br> *versus* § <br> § <br> § <br> JOHNSON & JOHNSON, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION H-06-1414 |

## Opinion Denying Remand

The plaintiffs' motion to remand is denied. They have no reasonable basis for their claim against the only remaining local defendant – Memorial Hermann Hospital System. It is a nominal party.

The plaintiffs have a health care liability claim arising from the death of Scarlett Lewis after she was treated in the hospital's emergency room. Treating the facts that they alleged as true, the emergency room physicians failed to diagnose her even though she had symptoms of pulmonary thromboembolism.

The plaintiffs have dismissed the two other Texas defendants with prejudice. They claimed that June Marshall prescribed the drug that killed Lewis but dismissed her after they determined that she really did not. They said that Floyd Luckett failed to diagnose her when he examined her nine days before she went to the emergency room but dismissed him for a "similar" but undisclosed reason.

They have neither identified the physicians in the emergency room nor explained why they are not parties. The plaintiffs have not even alleged that the hospital had a relationship with them that could make it liable. Their failures to allege basic facts amount to a confession that they have no claim against the hospital.

Under Texas law, the court must dismiss the claim if the plaintiff fails to serve his expert report on the defendant within 120 days after suing, unless the parties extend the deadline by a written agreement. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon 2005). The hospital extended the plaintiffs' deadline three times; the third agreement suspended *indefinitely* the deadline.

The plaintiffs say that they needed time to evaluate the negligence of the hospital in light of their products liability claim against the pharmaceutical defendants. Their

assertion makes no sense. If they had a claim against the hospital, the liability of the pharmaceutical defendants is irrelevant to a doctor's mis-evaluation.

The plaintiffs resisted disclosing the agreements with the hospital to the pharmaceutical defendants for months. In March 2006, they produced only the third. Despite additional requests, they waited until over one month later when they filed their motion to remand to share the first two agreements. Refusing to disclose promptly was dishonest – further proof that they have no claim against the hospital.

The pharmaceutical defendants protest the indefinite delay, but the statute *requires* dismissal only at the request of the malpractice defendant. Although the medical malpractice claim is not against them, the hospital's liability is important to them because it affects the relative measure of their liability. Delaying the reports hindered their defense; the policy of the statute prevent dishonest plaintiffs from manipulating discovery against parties like them as well.

This is an innovation in fraudulent joinder. Join a party, serve it, and then agree that nothing will be done on the claim to prevent removal. This is only moderately different from naming a party and not serving it. If a plaintiff wants a tolling agreement, it may get one; it may not toll after it has sued to use the local party's "presence" as a bar to removal. That is fraudulent.

Memorial Hermann Hospital System is dismissed without prejudice. It is not a real party. The statute of limitations on the plaintiffs' action against it is tolled to allow them to assert their claims against the hospital in state court.

Signed August 8, 2006, at Houston, Texas.

_____
Lynn N. Hughes     USDJ
United States District Judge